# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| United States of America ) <br> v. ) <br> Kenyatta Roberson, ) <br> ) <br> *Defendant(s)* | Case No. 4:24-mj-70685-MAG |

**FILED**
May 03 2024
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **May 1, 2024** in the county of **Alameda** in the **Northern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1): | Possession of a firearm and/or ammunition by a convicted felon. <br><br> Penalties: <br> Maximum penalties are: 5 years imprisonment; 3 years supervised release; $250,000 fine; $100 special assessment; forfeiture |

This criminal complaint is based on these facts:

See attached Affidavit of ATF Special Agent Andrew Balady

☑ Continued on the attached sheet.

/s/ *Andrew Balady*
*Complainant's signature*

Approved as to form /s/ *Jonah P. Ross*
AUSA JONAH P. ROSS

ATF Special Agent Andrew Balady
*Printed name and title*

Sworn to before me by telephone.

Date: 05/02/2024

*Judge's signature*

City and state: Oakland, CA

Hon. Donna M. Ryu, Chief Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, Andrew Balady, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of Kenyatta ROBERSON ("ROBERSON") for unlawfully possessing a firearm, in violation of Title 18, United States Code, Section 922(g)(1), on or about May 1, 2024, in the Northern District of California.

### SOURCES OF INFORMATION

2. This affidavit is submitted for the limited purpose of securing a criminal complaint arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that a violation of the federal law identified above has occurred. Further, my understanding of the significance of certain events and facts may change as the investigation progresses.

3. The information in this affidavit, including the opinions which I have formed and statements set forth herein, is based upon my training and experience in the field of firearms and illegal narcotics investigations, personal participation during the course of this investigation, knowledge obtained from investigative reports, reliable sources of information relevant to this investigation, consultation with other experienced local and federal law enforcement officials, and upon my examination and review of various reports and other records. Unless otherwise noted, when I assert that a statement was made, I have either heard the statement directly or listened to a recording of the statement, or the statement was reported to me by another law enforcement officer, either directly or indirectly in a written report. The officer providing me with the information may have received the information by way of personal knowledge or from another source.

**AFFIANT BACKGROUND**

4. I am a Special Agent of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since July 2017. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator Training Program and the ATF National Academy Special Agent Basic Training Course. My duties include the investigation of criminal violations of federal firearms, explosives, and arson laws, as well as those involving violent crime. I am also an ATF Firearms Interstate Nexus Expert, in which I have received 40 hours of training in the identity and origin of firearms and ammunition. Prior to being an ATF Special Agent, I was employed as a police officer with the Belmont, California Police Department from approximately September 2013 to May 2017. During my employment with the Belmont Police Department, I was assigned to the Patrol Division as a patrol officer and had the collateral duty of being an Evidence Technician in the Crime Scene Unit.

5. As an ATF Special Agent, I have conducted and participated in both state and federal investigations involving the trafficking of firearms and distribution of controlled substances. I have investigated and assisted in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking. During these investigations, I have participated in various types of investigative techniques, including electronic surveillance; undercover agents and informants; and controlled purchases of firearms and narcotics from suspects. I have participated in physical surveillance operations and have participated in the execution of state and federal arrest warrants and search warrants. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records, utility records, and telephone toll and subscriber records.

6. As a federal agent, I am authorized to investigate violations of the laws of the United States, and I am a law enforcement officer with authority to execute warrants issued under the authority of the United States.

## APPLICABLE STATUTES

7. The elements of Title 18, United States Code, Section 922(g)(1) are as follows: (1) the defendant knowingly possessed a firearm and/or ammunition; (2) that firearm and/or ammunition had been shipped or transported from one state to another or between a foreign nation and the United States; (3) at the time the defendant possessed the firearm and/or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time the defendant possessed the firearm and/or ammunition, the defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## FACTS SUPPORTING PROBABLE CAUSE

### On or About May 1, 2024, ROBERSON Possessed Three Firearms and Ammunition in his Residence

8. On or about April 29, 2024, the Honorable Kandis A. Westmore, United States Magistrate Judge, signed and issued a search warrant authorizing law enforcement agents and officers to search ROBERSON's person, residence in San Leandro, CA (hereafter "the residence"), and vehicle for—among other things—firearms and ammunition.

9. On the morning of May 1, 2024, ATF agents and other law enforcement officers executed the search warrant. When agents arrived and announced their presence, ROBERSON was inside the residence, and as commanded by the agents after they made entry into the residence, he exited his bedroom. In the same bedroom, the agents located two loaded AR-style pistols, as well as a loaded Smith & Wesson brand pistol. After being read and acknowledging his *Miranda* rights, ROBERSON acknowledged ownership of the recovered firearms.

### Two of the Firearms Possessed by ROBERSON Previously Traveled in Interstate Commerce

10. Consistent with my training as a certified ATF Interstate Nexus Expert, I examined the three recovered firearms: a Smith & Wesson Model M&P 9 Compact, 9mm Luger pistol (bearing seral number HLA8210), an Anderson Model AM-15 .223 Wild pistol (bearing

serial number18241910), and a privately made 5.56mm NATO AR-style pistol (bearing no serial number). I concluded that the Anderson and Smith & Wesson firearms were manufactured outside of the state of California; it is unknown where the privately made pistol was manufactured. Consequently, to be recovered in the Northern District of California, the recovered firearms (except for the privately made pistol) must have traveled in interstate commerce prior to May 1, 2024.

### Prior to May 1, 2024, ROBERSON Had Been Convicted of Crimes Punishable by a Prison Term of More Than One Year

11.     As part of my investigation, I conducted a review of ROBERSON's criminal history report and confirmed that ROBERSON had previously been convicted of several crimes punishable by a term of imprisonment exceeding one year. The following chart shows his prior felony convictions, the year of the conviction, the maximum custody time for each crime, and the custody time ROBERSON received at sentencing:

| Year of Conviction | Crime | Maximum Term of Imprisonment | Custodial Sentence Received |
|---|---|---|---|
| 2009 | Cal. Pen. Code § 12031(a)(1) (carrying loaded firearm) (special circumstances) | 3 years prison | 5 years jail (special circumstances resulted in sentence beyond the statutory maximum for underlying felony) |
| 2011 | Cal. Pen. Code § 496, felony (receiving stolen property) | 3 years prison | 18 days jail |
| 2018 | Cal. Pen. Code § 29800(a)(1) | 3 years prison | 9 months jail |

12.     Because ROBERSON was sentenced to more than one year in prison for one of his convictions, there is probable cause to believe that, at the time he possessed the firearm on May 1, 2024, ROBERSON knew he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year.

## CONCLUSION

13. Based on the information set forth in the paragraphs above, I submit that there is probable cause to conclude that, on or about May 1, 2024, in the Northern District of California, ROBERSON committed the crime of being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

Respectfully submitted,

/s/ *Andrew Balady*
Andrew Balady
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn before me by telephone in accordance with the requirements of Fed. R. Crim. P. 4.1 and 4(d) on this __2nd__ day of May 2024.

_____
HONORABLE DONNA M. RYU
Chief Magistrate Judge