ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JONAH P. ROSS (CABN 305076)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   E-Mail: jonah.ross@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KENYATTA ROBERSON, <br><br> Defendant. | CASE NO. 4:24-MJ-70685-MAG <br><br> **UNITED STATES' DETENTION MEMORANDUM** <br><br> Hearing Date: May 9, 2024 <br> Hearing Time: 10:30 a.m. <br> Judge: Hon. Donna M. Ryu |

## I.   INTRODUCTION

Defendant Kenyatta Roberson has three prior felony convictions, two of which are for unlawful possession of a firearm.  In the instant case, Roberson possessed multiple semi-automatic pistols, including two AR-style pistols.  Roberson, who in October of 2023 was shot in the legs (and returned fire at his assailant), has indicated he needs firearms both to protect himself and to retaliate against the people involved in the prior shooting.  Because Roberson, despite his status as a felon with multiple firearm-related convictions, continues to acquire firearms and may retaliate against those who harmed him, Roberson poses a serious danger to the community.  It is imperative that he remain detained pending trial.

## II.   BACKGROUND

### a.   On October 7, 2023, Roberson Was Shot In The Legs By An Unidentified Assailant; Roberson Then Returned Fire With A Semiautomatic Firearm

On October 7, 2023, officers with the Oakland Police Department ("OPD") responded to a report of a shooting outside of a liquor store on San Pablo Avenue in Oakland.  After speaking with witnesses and reviewing surveillance footage capturing the image, it was determined that, after a brief exchange of words, an unidentified assailant opened fire at a man later identified as Roberson, hitting Roberson in both legs, and also hitting an innocent bystander.  After being shot, Roberson—who, at the time, had been convicted of three felonies, including two felonies for unlawful possession of a firearm—pulled a pistol from his pocket and returned fire.  Associates of Roberson drove him to the hospital, where officers identified him as the same person who was seen on the surveillance footage from the earlier shooting.  Police have not identified Roberson's assailant.

### b.   On May 1, 2024, Agents Executed A Search Warrant And Found Three Semiautomatic Pistols—Including Two AR-Style Pistols—In Roberson's Residence; Roberson Acknowledged Possession Of The Pistols

On May 1, 2024, OPD officers and agents with the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") executed a federal search warrant at Roberson's residence in San Leandro, CA. After no one responded when the officers and agents identified themselves, they forced entry and observed Roberson exiting the apartment's only bedroom.  (Other adults were also in the residence.)  In the same bedroom, agents located three firearms:  (1) an AR-style semiautomatic pistol, loaded with 30

rounds of ammunition; (2) a privately made AR-style semiautomatic pistol loaded with ten rounds of ammunition; and (3) a 9mm semiautomatic pistol loaded with nine rounds of ammunition.

After being read and acknowledging his *Miranda* rights, Roberson acknowledged possession of the recovered firearms. He also referred to two "ARs," even though the officers had not yet told him what type of guns they had found.

### c. In Post-*Miranda* Interview, Roberson Indicated He Possessed The Guns In Part To Retaliate Against Those Who Harmed Him

During his post-*Miranda* interview, Roberson acknowledged that he had been shot in both legs, that he still had metal rods in his legs, and that he had had to relearn how to walk. An OPD officer expressed to Roberson that the officer did not want Roberson to try to retaliate against those who shot him. In response, Roberson stated, "That's a good thing you said that, because, it's like that…Why do you think I'm carrying this shit around? 'Cause it's like that. I'm just being honest." Roberson appears to indicate that he possessed the firearms at least in part for the purpose of retaliating, although Roberson also stated, "I'm not trying to kill nobody."

Roberson made clear to the OPD officer that he knew the identity of the person who had shot him, but he refused to identify the person to the officers and agents. Roberson stated only that the reason Roberson and his assailant were at odds dated back to an incident in which the assailant's mother had "told on" Roberson. Roberson also noted that it is easy to acquire guns on the street.

## III. LEGAL STANDARD

Under the Bail Reform Act of 1984, as amended, the Court must detain a defendant pretrial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary for the government to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated

in § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

### IV. ROBERSON'S REPEATED POSSESSION OF FIREARMS AND HIS APPARENT DESIRE TO RETALIATE PROVES THAT HE IS A DANGER TO THE COMMUNITY AND A FLIGHT RISK

The United States submits that no condition or combination of conditions will protect the public or assure Roberson's appearance at these proceedings should he be released from custody.

#### a. The Nature and Circumstances of the Offense Weigh in Favor of Detention

Despite multiple prior felony convictions for unlawful possession of firearms, Roberson continues to possess multiple firearms. Further, because Roberson believes he needs guns both for self-defense and (as his comments suggest) to retaliate against those who harmed him, it is clear that he has no intention of following the law with regard to acquiring guns—if released from custody, he will acquire more.

#### b. Nature and Seriousness of the Danger to the Community

While Roberson's unlawful possession of firearms in itself poses a danger to the community, that he appears to have a specific target in mind presents a far greater danger. Given the high likelihood that Roberson would acquire additional guns, the consequences of his release could be fatal. The nature and seriousness of the danger he poses to the community—and to specific members of the community—weighs in favor of pretrial detention.

#### c. The Weight of the Evidence Against Roberson Is Overwhelming

The evidence against Roberson is overwhelming. Roberson acknowledged ownership of the firearms, and he described two of the firearms to the officers and agents, who had not yet told him what

they had located.

### d. Roberson's Criminal History and Prior Conduct—Including While on Probation—Demonstrate the Danger and Flight Risk He Poses

Roberson had two prior convictions for unlawful possession of firearms, and his criminal history shows a history of probation revocations. It is clear that, even with supervision, Roberson does not comply with the law, and his comments in this case make clear that he does not currently intend to comply with the law. He is a danger both to the public at large, and specifically, to those whom he believes harmed him seven months ago.

Not only does Roberson present a serious risk to the community, but he is also a flight risk. Roberson now faces federal prosecution, and the prospect of a federal conviction and years in a federal prison provide the defendant with significant motivation to escape accountability.

Finally, there is simply no viable place to which Roberson can be released. His intention to acquire firearms will not be abated simply because he resides in an approved location.

### V. CONCLUSION

For the reasons set forth above, Roberson is a danger to the community and a flight risk. The Court should therefore detain him pending trial.

DATED: May 8, 2024 　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　ISMAIL J. RAMSEY
　　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Jonah P. Ross*
　　　　　　　　　　　　　　　　　　　　　　　　JONAH P. ROSS
　　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney